UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIYEL CHAUVIN | )<br>)<br>) |
| Plaintiff, | ) 3:12-cv-0089-LRH-WGC<br>) |
| v. | )<br>) ORDER |
| NATIONAL DEFAULT SERVICING<br>CORPORATION; et al., | )<br>)<br>) |
| Defendants. | )<br>) |

Before the court is plaintiff Daniyel Chauvin's ("Chauvin") motion to remand. Doc. #2.[1] Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") filed an opposition (Doc. #10) to which Chauvin replied (Doc. #11).

**I.   Facts and Procedural History**

Chauvin purchased real property through a mortgage note and deed of trust. Eventually, Chauvin defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Chauvin filed a complaint in state court against defendants. Doc. #4. Defendants removed the action to federal court based upon federal question and diversity jurisdiction. Doc. #1. Thereafter, Chauvin filed the present motion to remand. Doc. #2.

---

[1] Refers to the court's docket entry number.

## II.     Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.    Discussion

### A. Federal Question Jurisdiction

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Chauvin's complaint alleges only state law claims insufficient to grant federal question jurisdiction. *See* Doc. #4. Therefore, the court cannot exercise federal question jurisdiction.

### B. Diversity Jurisdiction

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of

the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, MERS argues that there is complete diversity between the parties because non-diverse defendant Varese Campbell ("Campbell") is a fraudulently joined defendant whose residency cannot be used to defeat the exercise of diversity jurisdiction. *See* Doc. #10.

A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

The court has reviewed the documents and pleadings on file in this matter and finds that Chauvin has sufficiently asserted that non-diverse defendant Campbell is an indispensable party to the underlying action. Campbell is an employee of the Nevada mediation program and issued the certificate that allowed the remaining defendants to continue with their foreclosure proceedings. Chauvin's complaint alleges that the certificate was improperly and/or fraudulently issued. Thus, based on the allegations in the complaint, the court finds that Chauvin has sufficiently alleged a claim for relief against Campbell, and therefore, the court finds that there is not complete diversity between the parties. Accordingly, the court shall grant Chauvin's motion to remand.

1   IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #2) is GRANTED.
2  The present action, case no. 3:12-cv-0089-LRH-WGC, is REMANDED to the Second Judicial
3  District Court for the State of Nevada.
4   IT IS SO ORDERED.
5   DATED this 28th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE